UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEBORAH HUGHES,

                              Plaintiff,                      10-CV-835A(Sr)

v.

ERIC K. SHINSEKI, SECRETARY,
UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

                              Defendant.

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #9.

Plaintiff commenced this action, *pro se*, alleging violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990.  Dkt. #1. Currently before the Court is defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Dkt. #18.  For the following reasons, it is recommended that defendant's motion be granted.

## BACKGROUND

Plaintiff has been employed by the United States Department of Veterans Affairs since November 11, 1985.  Dkt. #1.  Plaintiff claims that, in June of 2009,

defendant discriminated against her because of her sex and disability. Dkt. #1. Plaintiff also complains of retaliation because she complained about discrimination or harassment directed toward her and toward others. Dkt. #1. Specifically, plaintiff alleges:

> Inappropriate, hostile behavior by a fellow employee who was fired 3 times prior to my complaint for the above reason he approached a male superior. He was brought back twice and then terminated a 3[rd] time. All this took place while he was on a last chance agreement. Negligent retention of a dangerous employee, violation of the VA Behavior Code of Conduct. I had to take a medical leave of absence due to stress, because this employee had approached me and tried to converse with me in the hallway. I filed another complaint to the VA police. This individual has no regard for authority.

Dkt. #1. Plaintiff states that she "was given a medical leave of absence because of stress . . . due to hostile work environment" and notes that the other employee remains employed in her department. Dkt. #1. Plaintiff attached the U.S. Equal Employment Opportunity Commission's ("EEOC's"), denial of her request for reconsideration and notice of right to file a civil action to her complaint, dated July 28, 2010, but did not attach the underlying decision. Dkt. #1.

## DISCUSSION AND ANALYSIS

Defendant argues that plaintiff has failed to allege sufficient facts to support a claim for hostile work environment or to suggest that any adverse action was taken against her following the filing of her administrative discrimination complaint. Dkt. #19.

Plaintiff did not respond to defendant's motion.

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure employs the same standard as a motion to dismiss

pursuant Rule 12(b)(6). *Bank of New Yrok v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, a plaintiff need not plead a *prima facie* case of discrimination, but must give the defendant fair notice of plaintiff's claim and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). Where, as here, the plaintiff is appearing *pro se,* the Court must construe the complaint liberally and draw the most favorable inferences that the complaint supports, but may not invent factual allegations that have not been pled. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

"It is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through such concrete deprivations as being fired or being denied a promotion, is actionable under Title VII only when it occurs because of an employee's sex, or other protected characteristic." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001). In the instant case, however, plaintiff's complaint fails to allege any facts to suggest that the inappropriate, hostile behavior by plaintiff's fellow employee was occasioned by or in any way referenced plaintiff's gender or disability. To the

contrary, the limited facts presented assert that inappropriate, hostile behavior was directed at a male supervisor. The only conduct alleged to have been directed towards plaintiff was the employee's approaching and attempting "to converse" with plaintiff in the hallway. Such facts are insufficient to plausibly claim that plaintiff was subjected to a hostile work environment because of her sex or disability.

Plaintiff has also failed to set forth any facts from which the Court could infer that she was subjected to an adverse employment action because of her complaints of discrimination. *See Gregory v. Daly*, 243 F.3d 687, 700 (2d Cir. 2001) ("To establish a prima facie case for retaliation, a plaintiff must show that (1) the employee was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action."). Plaintiff alleges that she was given a medical leave of absence due to stress arising from the continued employment of the other employee within her department, but she alleges nothing that could be construed as retaliation by her employer because of her complaints about this employee. *See Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 60 (2006) (To be actionable, the adverse employment action must be sufficiently material so as to dissuade a reasonable person from lodging a complaint of discrimination.)

## **CONCLUSION**

Based on the foregoing, it is recommended that defendant's motion (Dkt. #18), for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). <u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2</u>

<u>(concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

DATED:   Buffalo, New York
         November 7, 2011

                                      *s/ H. Kenneth Schroeder, Jr.*
                                      H. KENNETH SCHROEDER, JR.
                                      United States Magistrate Judge